1
2
3
4
5
6

KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN T. BRICKER (State Bar No. 269100)
ALEXANDRA N. MARTINEZ (State Bar No. 317382)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
E-Mail:   gilchrist@kilpatricktownsend.com
           rbricker@kilpatricktownsend.com
           amartinez@kilpatricktownsend.com

7
8

Attorneys for Plaintiff
PATAGONIA, INC.

9

10

# UNITED STATES DISTRICT COURT

11

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

### WESTERN DIVISION – LOS ANGELES

13

14  PATAGONIA, INC.,

Case No. 2:19-cv-07666

15            Plaintiff,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (INJUNCTIVE RELIEF SOUGHT)**

16      v.

17  KIMBERLY McHUGH,
    d/b/a OUR LITTLE CORNER,

18            Defendant.

19

20

**JURY TRIAL DEMAND**

21

22        Patagonia, Inc. ("Patagonia") is filing this Complaint to stop Kimberly

23  McHugh, d/b/a Our Little Corner ("Our Little Corner") from continuing to infringe,

24  misuse, and trade on Patagonia's famous Fitz Roy logo trademark, its copyrights,

25  and its reputation and goodwill, and continuing to interfere illegally with Patagonia's

26  dealer agreements.  Our Little Corner interferes with Patagonia's contracts with its

27  authorized dealers by purchasing quantities of Patagonia® brand products for the

28  purpose of resale through unauthorized, gray market channels, including online



COMPLAINT – Case No. 2:19-cv-07666

- 1 -

1   marketplaces such as Amazon.com.  It has persisted in accumulating inventory in

2   this manner despite Patagonia's notices to Our Little Corner that such sales cause

3   authorized dealers to breach their contracts and agreements with Patagonia.  Our

4   Little Corner then promotes and sells the improperly-obtained, unauthorized products

5   with Patagonia's branding and proprietary images.  Patagonia has demanded that Our

6   Little Corner stop these infringements but Our Little Corner has failed to respond to

7   Patagonia's demand or requests for information.  This lawsuit has become necessary

8   as a result of Our Little Corner's refusal to respond to or engage with Patagonia's

9   efforts to resolve the dispute short of litigation.  Patagonia alleges as follows:

10   **PARTIES, JURISDICTION, AND VENUE**

11        1.    Patagonia is a California corporation headquartered at 259 West Santa

12   Clara Street, Ventura, California 93001.  For more than forty years, Patagonia has

13   been designing, developing, marketing and retailing outdoor apparel, sportswear

14   and related products.  Today, Patagonia and the PATAGONIA® brand are famous

15   around the world for innovative apparel designs, quality products, and environ-

16   mental and corporate responsibility.

17        2.    Kimberly McHugh is an individual residing at 104 Collinwood

18   Drive, Monroe, Louisiana 71203.  Under the d/b/a Our Little Corner, Ms. McHugh

19   operates a business online at Amazon.com, purporting to offer PATAGONIA brand

20   apparel, among other brands.

21        3.    Patagonia's trademark claims arise under the Trademark Act of 1946

22   (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006.

23   Patagonia's copyright infringement claims arise under the Copyright Act.  This

24   Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and

25   1338(b) (trademark, copyright and unfair competition), 28 U.S.C. § 1331 (federal

26   question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the

27   state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and, Patagonia

28   is informed and believes, 28 U.S.C. § 1332 (diversity).



4.     This Court has personal jurisdiction over Our Little Corner because Our Little Corner offers its services and products to residents of California and this judicial district.  The products that Our Little Corner advertises and offers, and makes available to purchasers through Amazon.com are promoted to and capable of being ordered by and shipped to consumers in this judicial district and, Patagonia is informed and believes, products have been sourced and sold in California and this judicial district.  The contracts with which Our Little Corner is interfering are entered into and partially performed in this judicial district.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Our Little Corner transacts business in this district and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The History of Patagonia

6.     Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the name "PATAGONIA" to differentiate its business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline framed by a stormy sky.

7.     In the more than forty years since Patagonia's business started, the PATAGONIA brand and the Fitz Roy logo have become one of the most identifiable brands in the world.  Patagonia's products now include a wide range of apparel including technical products designed for climbing, skiing and snowboarding, surf-ing, fly fishing, and trail running, as well as sportswear which are sold around the world.

/ / /



COMPLAINT – Case No. 2:19-cv-07666                                         - 3 -

8.     Over the years, Patagonia has earned accolades for every aspect of its business.  Its products have won numerous awards for their technical merit, including multiple "Gear of the Year" awards from Outside Magazine; multiple "Skier's Choice Awards" from Powder Magazine; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, 2014, and 2016; "Editor's Choice" and "Top Pick" awards from OutdoorGearLab; Men's Journal's "Gear of the Year" award; and the Gear Institute's "Best New Gear" award in Winter 2017.

9.     Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for nearly twenty years.  It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating $89 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same.  Today, more than 1200 member companies have donated more than $150 million to more than 3300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants in response to recent tax cuts given to businesses.

/ / /

/ / /



## The PATAGONIA Trademarks

10.     Patagonia owns numerous registrations for and including the PATAGONIA trademark and Fitz Roy logo, both together and alone, for a wide ranging assortment of products.  Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing – Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods, and Rainwear. | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts, and Belts. | 08/1974-1981 |
|  | 1547469 / July 11, 1989 | Men's, Women's, and Children's Clothing – Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, and Belts. | 08/1974 |
|  | 1775623 / June 8, 1993 | Luggage, Back Packs, and All-Purpose Sports Bags. | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, Back Packs, Fanny Packs, and All-Purpose Sport Bags, Footwear, Ski Bags, and Ski Gloves. | 08/1990 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of on-line information related to the environ-ment and clothing. | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |
| **PATAGONIA** | 61338 (State of California) / Apr. 8, 1980 | Men's and women's clothing, namely sweaters, rugby shirts, walking shorts, trousers, jackets, mittens, hoods, and rainwear. | 08/1974 |
| patagonia | 0169639 (State of California) / May 23, 1983 | Men's, women's, and children's clothing. | 08/1974 |

These registrations for the PATAGONIA mark and Fitz Roy logo are in

full force and effect.  The registrations have become incontestable under 15 U.S.C.

§ 1065.  Collectively, these marks, Patagonia's other registered trademarks, and its



common law marks are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the Fitz Roy Design.

11.     The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered in ninety countries.

12.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a variety of shopping and post-sale contexts.

13.     Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California. Through its promotion and investment in the PATAGONIA brand—combined with extensive sales, publicity, awards, and leadership in sustainable sourcing practices—Patagonia has acquired enormous goodwill in its PATAGONIA trademarks. The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

**Patagonia's Copyrights And Use of Them In Providing Retail Services**

14.     In connection with its online sales, Patagonia invests a substantial amount of time and money to take proprietary photographs of every product (from a variety of angles) that it sells. It displays these photographs at www.patagonia.com and licenses its dealers to use these photos to present customers with high quality



images of Patagonia's products.  Some of these photographs are also used in catalogs. Patagonia periodically registers the copyright in these photographs, and owns registered rights for all of the photographs shown on Exhibit A, which shows Patagonia's product photographs in comparison with the copies used without authorization by Our Little Corner.

15.    Consistent with the fact that these photographs are intended for use in connection with retail services, the images have a consistent theme and style and are shot in a similar format.  For example, these images are photographs that were taken for fleece and other jackets:

   

### **Patagonia's Warranty**

16.    Many studies show that the greatest way to minimize the negative environmental impact of a garment is to build it well so that customers use it longer; obviating the need to buy another one.  Patagonia, consistent with its commitment build the best product with the least harm, provides the following warranty for products that are sold through authorized channels:

> We guarantee everything we make.  If you are not satisfied
> with one of our products at the time you receive it, or if
> one of our products does not perform to your satisfaction,
> return it to the store you bought it from or to Patagonia for
> a repair, replacement or refund. Damage due to wear and
> tear will be repaired at a reasonable charge.

/ / /

/ / /



**<u>Our Little Corner's Infringement of Patagonia's Trademark Rights</u>**

17.    Patagonia recently discovered that Our Little Corner is selling substantial quantities of PATAGONIA branded products online through the retail platforms including Amazon.com.  None of Patagonia's authorized retailers or dealers is permitted to sell on ecommerce platforms such as Amazon.com, or anywhere except an approved retail site operated by the retailer in accordance with Patagonia's policies.

18.    Our Little Corner is using several tactics to portray itself as an authorized Patagonia dealer to consumers looking for PATAGONIA brand products on Amazon.com.

19.    Our Little Corner, without authorization or a license, uses Patagonia's copyrighted images, the same that appear in genuine listings for Patagonia products and on www.patagonia.com and on Patagonia's dealers' websites, to present itself as an authorized dealer.  Examples of these infringing reproductions follow.



/ / /

/ / /

/ / /






20.     Our Little Corner represents itself as a source of a range of PATAGONIA branded products and uses the trademarks several times in its listings, as shown by example in the paragraph above.

21.     Our Little Corner shows that it carries multiple sizes within styles – for example, various sizes of Patagonia's Women's Better Sweater® jackets in the Amazon.com listing shown above – which implies to consumers that Our Little



Corner has a ready source of PATAGONIA branded inventory on hand when in fact its source of supply depends at least in part on interfering with and persuading authorized dealers to breach the terms of their relationship with Patagonia.

22.     There are multiple material differences between goods and services provided in genuine transactions from authorized dealers in PATAGONIA products, and the goods sold in transactions with Our Little Corner.  For example, Our Little Corner's Amazon.com seller page references the platform's return policy, which is limited to a 30 day window after the delivery date.  This policy is inconsistent with the actual warranty from Patagonia available on genuine goods.

23.     Our Little Corner also uses the PATAGONIA trademarks and the absence of a competitive market on Amazon.com – due to the absence of authorized dealers there – to gouge consumers with misleading prices that, due to all of the other misappropriations, consumers will believe originate from Patagonia. For example, a Men's Nano Puff® jacket retails for a list price of $199.00 on Patagonia.com and from many authorized dealers.  Yet Our Little Corner is selling the same jacket for $272.00 (see paragraph 19 above).  A ¼-zip Women's Better Sweater® retails for a list price of $99.00 on Patagonia.com.  Our Little Corner is selling the same jacket for $159.00.  The exorbitant prices charged by Our Little Corner for PATAGONIA brand products prevail for other styles as well.  It is inconsistent with consumer expectations about products sold by ostensibly authorized dealers to pay tens or hundreds of dollars above suggested retail prices. On information and belief, comments posted by Amazon.com users confirm the harm that flows from Our Little Corner's pricing practices, including the following examples.

/ / /

/ / /

/ / /

/ / /



★☆☆☆☆   *"I paid a total of $76.45 for this item. I had to return due to the way size was described on package. I did not even open it. I was granted a refund but was only refunded $54.47. I later found out this item was overpriced to begin with. Dont shop here! There are many other sellers who are honest and reputable!"*

Read less

By Susan May on April 26, 2019.

★☆☆☆☆   *"The jacket was not what I wanted and was promptly returned. However this seller charged a HUGE restocking fee + return shipping! NOT GOOD!"*

By Sam Jones on December 1, 2018.

★☆☆☆☆   *"Wrong color,wrong size,wrong price."*

By Roger Buffi on August 11, 2018.

## **Patagonia's No Resale Policy**

24.     To guard against these kind of abuses, every Patagonia dealer is forbidden under its relationship with Patagonia from selling to any reseller, jobber or other retailer, and no authorized seller is permitted to sell or use Patagonia's trademarks on eBay.com, Overstock.com, or Amazon.com because these sites represents – for the reasons discussed – materially different services and product experiences than is represented by the Patagonia trademark.

25.     The purpose of these restrictions is to ensure that only authorized sources of PATAGONIA brand products, responsible for adhering to Patagonia's sales policies and warranties and maintaining an assortment of products for returns or size exchanges, present the PATAGONIA brand and shopping experience to consumers.

/ / /



COMPLAINT – Case No. 2:19-cv-07666

26.     Both Patagonia and its authorized channels invest in the brand and the required services, and refrain from prohibited markets, on the assumption that Patagonia will maintain control over the wholesale channel for its goods.  When potential buyers like Our Little Corner disrupt Patagonia's relationships with its dealers, it diminishes the value of adhering to Patagonia's requirements for appropriate distribution of its products and may destroy these relationships altogether.

### **Harm to Patagonia**

27.     Our Little Corner's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Our Little Corner is restrained by this Court, it will continue to cause irreparable damage and injury to Patagonia by, among other things:

a.     Depriving Patagonia of its statutory rights to use and control use of its trademarks and copyrights;

b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

c.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade by providing materially different products and services to the genuine products and services available from authorized retailers;

d.     Causing the public falsely to associate Patagonia with Our Little Corner and/or its products, or vice versa;

e.     Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors and authorized dealers in genuine products and services;

f.     Causing Patagonia to lose sales of its genuine PATAGONIA products and services; and

/ / /



COMPLAINT – Case No. 2:19-cv-07666

- 13 -

g.      Causing disruption and uncertainty to Patagonia's relationships with its authorized retailers;

h.      Causing Our Little Corner to capture profits, premiums and goodwill that are only available due to its exploitation of markets that, due to Patagonia's policies, are not competitive, all to the detriment of deceived consumers and Patagonia.

28.     Accordingly, in addition to damages and recovery of Our Little Corner's profits, Patagonia is entitled to injunctive relief against Our Little Corner and all persons acting in concert with it.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

29.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.     Our Little Corner has used – in connection with the sale, offering for sale, distribution, or advertising of its materially different products and services – words and symbols that infringe upon the PATAGONIA trademarks.

31.     Our Little Corner has used the Patagonia trademarks and its copy-righted photographs to devise listings on Amazon.com (and, Patagonia is informed and believes, other like sites) that create a likelihood of consumer confusion that Our Little Corner is an authorized dealer in PATAGONIA brand products when, in fact, it is not.

32.     These acts of trademark infringement have been committed deliberately and with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

33.     As a direct and proximate result of Our Little Corner's conduct, Patagonia is entitled to recover up to treble the amount of Our Little Corner's

/ / /



1  unlawful profits and Patagonia's damages and an award of attorneys' fees under

2  15 U.S.C. §§ 1117(a).

3      34.   Patagonia and the public will suffer irreparable harm if Our Little

4  Corner's infringements continue and Patagonia is entitled to injunctive relief

5  pursuant to 15 U.S.C. § 1116(a) that requires Our Little Corner to stop use of

6  the PATAGONIA trademarks, to stop selling PATAGONIA brand products on

7  Amazon.com or like sites, and to stop using any other mark or design or copyright

8  that creates likely confusion that Our Little Corner is an authorized dealer in

9  PATAGONIA brand products.

10  ## SECOND CLAIM

11  ## FEDERAL UNFAIR COMPETITION

12  ### (False Designation of Origin and False Description)

13  ### (15 U.S.C. § 1125(a))

14      35.   Patagonia realleges and incorporates by reference each of the allegations

15  contained in paragraphs 1 through 34 of this Complaint.

16      36.   Our Little Corner's conduct as alleged in this Complaint constitutes

17  the use of symbols or devices tending falsely to describe the infringing products and

18  services, within the meaning of 15 U.S.C. § 1125(a).  Our Little Corner's conduct is

19  likely to cause confusion, mistake, or deception by or in the public as to the affilia-

20  tion, connection, association, origin, sponsorship, or approval of the infringing

21  products and services to the detriment of Patagonia and in violation of 15 U.S.C.

22  § 1125(a).

23      37.   Our Little Corner has used Patagonia's marks and Patagonia's copy-

24  righted photographs to devise listings on Amazon.com (and, Patagonia is informed

25  and believes, other like sites) that create a likelihood of consumer confusion that

26  Our Little Corner is an authorized dealer in PATAGONIA brand products when,

27  in fact, it is not.

28  / / /



38.    As a direct and proximate result of Our Little Corner's conduct, Patagonia is entitled to recover up to treble the amount of Our Little Corner's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

39.    Patagonia and the public will suffer irreparable harm if Our Little Corner's conduct continues, and Patagonia is entitled to an injunction pursuant to 15 U.S.C. § 1116(a) that requires Our Little Corner to stop use of any PATAGONIA marks, to stop selling PATAGONIA brand products on Amazon.com or like sites, and to stop using any other mark or design or copyright that creates likely confusion that Our Little Corner is an authorized dealer in PATAGONIA brand products.

### THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

40.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 39 of this Complaint.

41.    Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Our Little Corner's use the mark.

42.    Our Little Corner's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness and by disparaging Patagonia in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

43.    As a direct and proximate result of Our Little Corner's willful conduct, Patagonia is entitled to recover up to treble the amount of Our Little Corner's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

44.    Patagonia and the public will suffer irreparable harm if Our Little Corner's conduct continues, and Patagonia is entitled to an injunction pursuant



to 15 U.S.C. §§ 1116(a) and 1125(c) that require Our Little Corner to stop use of any PATAGONIA marks, to stop selling PATAGONIA products on Amazon.com or like sites, and to stop using any other mark or design or copyright that diminishes the distinctiveness of or disparages the PATAGONIA trademark or its association with Patagonia and those who are authorized to use its brand.

## FOURTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER CALIFORNIA STATUTORY LAW

### (Cal. Bus. & Prof. Code §§ 14200 and 17200 et seq.)

45.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 44 of this Complaint.

46.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

47.    Our Little Corner has used Patagonia's marks and Patagonia's copy-righted photographs to devise listings on Amazon.com (and, Patagonia is informed and believes, other like sites) that create a likelihood of consumer confusion that Our Little Corner is an authorized dealer in PATAGONIA products when, in fact, it is not.

48.    Our Little Corner uses the infringements to enhance the commercial value of its offerings.

49.    Our Little Corner's acts violate Patagonia's trademark rights under California Business & Professions Code §§14200 et seq.

50.    Our Little Corner's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 et seq.

51.    Patagonia is entitled to monetary and injunctive relief.  The public and Patagonia will suffer irreparable harm if Our Little Corner's infringements continue,



and Patagonia is entitled to an injunction that requires Our Little Corner to stop use of any PATAGONIA trademarks, to stop selling PATAGONIA brand products on Amazon.com or like sites, and to stop using any other mark or design that is likely to be confused with the PATAGONIA trademarks or cause likely confusion about whether Our Little Corner is an authorized dealer.

52.     Because Our Little Corner's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to reasonable attorneys' fees and compensatory and punitive damages pursuant to California Business & Professions Code § 14250.

### FIFTH CLAIM
### COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 et seq.)

53.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 52 of this Complaint.

54.     Patagonia owns registrations for the copyrighted works identified in Exhibit A to this Complaint ("copyrighted works").

55.     Without authorization, Our Little Corner has reproduced, distributed, and/or used copies of Patagonia's copyrighted works in violation of Patagonia's exclusive rights, damaging Patagonia and harming Patagonia's relationship with its authorized dealers.

56.     Our Little Corner's unlawful reproduction, distribution, and/or use of Patagonia's proprietary photography constitutes copyright infringement.

57.     Patagonia is informed and believes that Our Little Corner acted intentionally, willfully and in bad faith when it reproduced, distributed, and/or used the infringing copies and has continued to do so after having been put on notice by Patagonia.

58.     As a direct and proximate result of Our Little Corner's conduct, Patagonia is entitled pursuant to 17 U.S.C. § 502 to injunctive relief.  The public



1   and Patagonia will suffer irreparable harm if Our Little Corner's infringements

2   continue; therefore, Patagonia is entitled to injunctive relief that requires Our Little

3   Corner to stop all use of Patagonia's copyrighted works.

4        59.    As a result of Our Little Corner's conduct, Patagonia is entitled

5   pursuant to 17 U.S.C. § 504, at its discretion and election, to recover statutory

6   damages based on Our Little Corner's willful infringement of the copyrighted

7   works.  In the alternative, Patagonia is entitled to its actual damages, as well as

8   any profits of Our Little Corner attributable to its acts of infringement.

## SIXTH CLAIM

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

11        60.    Patagonia realleges and incorporates by reference each of the allegations

12   contained in paragraphs 1 through 59 of this Complaint.

13        61.    Patagonia has existing valid contracts with its authorized dealers, which

14   include restrictions against certain sales and sales channels as set forth in paragraphs

15   24-26 of this Complaint.

16        62.    Our Little Corner has knowledge of those contracts and restrictions

17   based, at minimum, on notices from Patagonia that have informed Our Little Corner

18   of Patagonia's dealer contracts and Our Little Corner's inducement of breaches.

19   Patagonia is informed and believes that Our Little Corner has acted intentionally

20   to induce breaches or disruption of those contractual relationships by purchasing

21   inventory from authorized dealers for the purpose of resale, and by reselling such

22   products through ecommerce platforms.

23        63.    Our Little Corner's actions as alleged in this Complaint have caused

24   and will cause actual disruption or breach of Patagonia's contracts with its

25   authorized dealers.

26        64.    Our Little Corner's conduct as alleged herein has caused and will

27   continue to cause Patagonia irreparable harm for which there is no adequate remedy

28   / / /



COMPLAINT – Case No. 2:19-cv-07666

1  at law, and is also causing damage to Patagonia in an amount which cannot be

2  accurately computed at this time but will be proven at trial.

### **PRAYER FOR JUDGMENT**

4      WHEREFORE, Patagonia prays that this Court grant it the following relief:

5      1.      Adjudge that the PATAGONIA trademarks have been infringed by

6  Our Little Corner in violation of Patagonia's rights under 15 U.S.C. § 1114;

7      2.      Adjudge that the PATAGONIA trademarks have been infringed by

8  Our Little Corner in violation of California statutory law;

9      3.      Adjudge that Patagonia's common law rights in the PATAGONIA

10  trademarks have been infringed;

11      4.      Adjudge that Our Little Corner has competed unfairly with Patagonia

12  and has falsely described the source of its products and services in violation of

13  Patagonia's rights under 15 U.S.C. § 1125(a);

14      5.      Adjudge that Our Little Corner has competed unfairly with Patagonia

15  in violation of California statutory law;

16      6.      Adjudge that Our Little Corner's activities are likely to dilute

17  Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights

18  under 15 U.S.C. § 1125(c);

19      7.      Adjudge that Our Little Corner and its agents, employees, attorneys,

20  successors, assigns, affiliates, and joint venturers, and any person(s) in active

21  concert or participation with it, and/or any person(s) acting for, with, by, through

22  or under it, be enjoined and restrained at first during the pendency of this action

23  and thereafter permanently from:

24          a.      Manufacturing, producing, sourcing, importing, selling, offering

25  for sale, distributing, advertising, or promoting any goods or services that copy or

26  display any words or symbols that so resemble Patagonia's PATAGONIA trade-

27  marks as to be likely to cause confusion, mistake, or deception, on or in connection

28  with any product or service that is not authorized by or for Patagonia, including,



1    without limitation, any product or service that (i) bears the PATAGONIA trade-

2    marks, (ii) bears Patagonia's copyrighted photographs, (iii) is materially different

3    than Patagonia's genuine products or services, or (iv) otherwise approximates

4    Patagonia's trademarks or copyright;

5             b.      Using any word, term, name, symbol, device, or combination

6    that (i) causes or is likely to cause confusion, mistake, or deception as to the affilia-

7    tion or association of Our Little Corner or its products or services with Patagonia, or

8    as to the origin of Our Little Corner's products or services, (ii)  contains any false

9    designation of origin, false or misleading description or representation of fact,

10   (iii) contains any false or misleading advertising, or (iv) causes likely dilution of

11   the PATAGONIA trademark;

12            c.      Further infringing the rights of Patagonia in and to its

13   PATAGONIA trademark, or otherwise damaging Patagonia's goodwill or business

14   reputation;

15            d.      Further diluting the famous PATAGONIA trademark;

16            e.      Otherwise competing unfairly with Patagonia in any manner;

17            f.      Reproducing or using the copyrighted works in any manner;

18            g.      Selling PATAGONIA branded products on Amazon.com or like

19   sites in which a materially different service and product is received by the consumer

20   from genuine products and services; or

21            h.      Continuing to perform in any manner whatsoever any of the

22   other acts complained of in this Complaint;

23        8.    Adjudge that Our Little Corner, within thirty (30) days after service of

24   the Court's judgment, be required to file with this Court and serve upon Patagonia's

25   counsel a written report under oath setting forth in detail the manner in which it has

26   complied with the judgment;

27        9.    Adjudge that Patagonia recover from Our Little Corner its damages

28   and lost profits, and Our Little Corner's profits, in an amount to be proven at trial;



COMPLAINT – Case No. 2:19-cv-07666                                    - 21 -

10.     Adjudge that Our Little Corner be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Our Little Corner's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

11.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

12.     Adjudge, pursuant to 17 U.S.C. § 504, that Our Little Corner be required to pay statutory damages to Patagonia, or to account for any profits earned from its copyright infringements and to pay Patagonia such profits and all damages sustained by Patagonia;

13.     Adjudge that Our Little Corner be obligated to pay punitive damages to Patagonia;

14.     Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

15.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.


Dated:  September 4, 2019            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By:  _____/s/ *Ryan T. Bricker*_____
                              Ryan T. Bricker

Attorneys for Plaintiff
PATAGONIA, INC.



1

## **DEMAND FOR JURY TRIAL**

2       Patagonia, Inc. demands that this action be tried to a jury.

3

4   Dated:  September 4, 2019          Respectfully submitted,

5                                     KILPATRICK TOWNSEND & STOCKTON LLP

6

7                                     By:    _____/s/ *Ryan T. Bricker*_____

8                                                  Ryan T. Bricker

9                                     Attorneys for Plaintiff
                                      PATAGONIA, INC.

10

11

12   72268252V.1 | 1147738

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

